■ Gurumurthy Kalyanaram, Appellant, v New York Institute of Technology, Respondent. [913 NYS2d 159]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered June 28, 2010, which denied the petition to vacate an arbitration award sustaining the decision of respondent to terminate petitioner's employment and granted respondent's cross motion to confirm the award, unanimously affirmed, with costs.

Petitioner failed to establish any of the grounds available for vacating the arbitration award, i.e., that it violates a strong public policy or is totally irrational or that the arbitrator exceeded his enumerated powers (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006], *cert dismissed* 548 US 940 [2006]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308-309 [1984]).

To find a violation of public policy with respect to academic freedom or the whistleblower or antiretaliation statutes relied upon by petitioner, we would have to ignore specific factual and legal findings made by the arbitrator that the fraudulent conduct engaged in by petitioner did not fall within the parameters of academic freedom or the statutes, and then make an additional factual finding that petitioner was discharged for that conduct. Only then could we analyze whether the award violated purported public policy interests. However, courts must be able to conclude that public policy precludes enforcement of an award by examining the award "on its face, without engaging in extended factfinding or legal analysis" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]). Thus, the award cannot be vacated on public policy grounds.

The award cannot be vacated on the ground that the arbitrator exceeded his authority under the collective bargaining agreement. Although the agreement provides that a faculty member cannot be disciplined for speech uttered as a private citizen, to reach the conclusion urged by petitioner, that the e-mails at issue were not job-related and that he sent them as a private citizen, we would have to engage, impermissibly, in fact-finding and substitute our judgment for that of the arbitrator (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]).

Nor can we conclude that the award is irrational in its finding that respondent satisfied its burden of demonstrating that petitioner sent the subject e-mails. An award will be found irrational only if there is no proof whatever to justify it and will be confirmed if there is "any plausible basis" for it (*see Azrielant v Azrielant*, 301 AD2d 269, 275 [2002], *lv denied* 99 NY2d 509 [2003] [internal quotation marks omitted]). Challenges to the

sufficiency or adequacy of the evidence to support an award are not grounds for vacating the award (*see Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). In any event, there is a plausible basis in the record for the conclusion that the e-mails came from petitioner's home IP address; the fact that petitioner produced evidence that he was not at home when some of the e-mails were written is inconsequential since the evidence he produced was not conclusive and it did not relate to all of the e-mails but only to certain ones (*see Montanez v New York City Hous. Auth.*, 52 AD3d 338 [2008]).

Finally, there was no violation of petitioner's right to due process during the arbitration proceeding. Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.